**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Palomino, a single man, | No. CV-11-01305-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Safeway Insurance Company, an Illinois corporation, | |
| Defendant. | |

Before the Court is Defendant's Response (Doc. 11) to the Court's order to show cause why the case should not be remanded for lack of subject matter jurisdiction (Doc. 10).

**I.   Background**

Plaintiff filed his Complaint against Defendant Safeway Insurance Company in Maricopa County Superior Court on May 27, 2011 (Doc. 1-1), claiming Defendant failed to sufficiently pay for repairs to Plaintiff's vehicle for damage resulting from a hail storm. Plaintiff alleges breaches of contract and the duty of good faith and fair dealing related to Plaintiff's insurance policy with Defendant, and seeks actual damages under the insurance contract, general damages, punitive damages, and attorneys' fees and costs. Plaintiff also certified that the case was not subject to compulsory arbitration under the Arizona Rules of Civil Procedure, meaning the amount in controversy, exclusive of costs, fees, and interest, exceeds $50,000. Although the amount in controversy is not evident from the face of the

complaint, underlying Plaintiff's action is the allegation that Defendant only paid $5,172.29 on a submitted claim of $18,400.

On the basis of diversity jurisdiction, Defendant removed the case to this Court on June 30, 2011 (Doc. 1). Defendant alleged that the amount in controversy was satisfied because Plaintiff certified in his complaint that the amount in controversy exceeds $50,000 and Plaintiff seeks punitive damages and attorneys' fees. Because Defendant's notice of removal did not satisfactorily establish subject matter jurisdiction over this matter, the Court issued an Order to Show Cause why the case should not be remanded on July 15, 2011 (Doc. 10). Defendant responded to the Order on July 29, 2011 (Doc. 11).

## II. Legal Standard

A case may only be removed to federal court if jurisdiction existed over the suit as originally brought by the plaintiff. 28 U.S.C. § 1441(a). Because there is a "strong presumption against removal jurisdiction," *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)), the removing party has the burden of establishing federal subject matter jurisdiction. *Id.* If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In the removal context, the inquiry into the amount in controversy is not confined to the face of the complaint. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The Court may also consider facts presented in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* The removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold where the amount is not evident on the face of the complaint. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**III. Analysis**

In this case, the amount in controversy is not established on the face of the complaint. Defendant states that it has established the jurisdictional amount by a preponderance of the evidence because Plaintiff seeks an award of at least $50,000, and that if such an award were coupled with an award of attorneys' fees, the total amount in controversy would likely exceed $75,000. Defendant cites two insurance cases where attorneys' fees in excess of $50,000 were awarded, and surmises that $25,000 of attorney's fees would likely be reached in this matter because such an award would "only represent 100 hours of work [by Plaintiff's counsel] at a reasonable hourly rate of $250 per hour." (Doc. 11.) Defendant also notes that Plaintiff will "undoubtedly" claim costs and interest "at the conclusion of this action," presumably indicating that such amounts should be included in the Court's calculation of the amount in controversy.

Any contention that the amount in controversy includes costs and interest is in contrary to the plain language of the diversity jurisdiction statute. *See* 28 U.S.C. 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . .") However, in determining the amount in controversy, attorneys' fees may be included, provided that "an underlying statute authorizes an award of attorneys' fees[.]" *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Plaintiff here seeks an award of attorneys' fees pursuant to A.R.S. § 12-341.01, which authorizes a court to award attorneys' fees to the prevailing party in an action "arising out of a contract . . . ." Because a bad faith tort claim in an insurance case arises out of the insurance contract, A.R.S. § 12-341.01(A) authorizes attorneys' fees for both the breach of contract and bad faith claims. *See Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 544, 647 P.2d 1127, 1142 (1982). Accordingly, Plaintiff's attorneys' fees can be included in the amount in controversy calculation.

There is, however, disagreement within this circuit as to "whether attorneys' fees incurred after the date of removal are properly included in the amount in controversy." *Burk*

*v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004) (comparing *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999) (only considering fees incurred prior to removal in calculating amount in controversy) and *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (same) with *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including potential future attorneys' in calculating amount in controversy) and *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (same)); *see also Giordano v. Park Ave. Life Ins. Co.*, No. CV 09-01405 SJO (FMOx), 2009 WL 1474945, at *3 (C.D. Cal. Apr. 7, 2009). The Seventh Circuit, in considering this issue, has held that attorneys' fees not yet incurred are not included in calculating the amount in controversy. *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (noting "jurisdiction depends on events that exist on or before the date of filing [the notice of removal] . . . if the defendant can extinguish the plaintiff's entire claim by tendering $75,000 or less at [the time the case is removed], then the amount 'in controversy' does not exceed $75,000"). This Court agrees with the Seventh Circuit and concludes that the better view is that attorneys' fees incurred after the date of removal are not properly included in calculating the jurisdictional amount. Rather, the amount in controversy is to be determined as of the date of removal, exclusive of any potential future attorneys' fees which are entirely speculative, may be avoided, and therefore not "in controversy" at the time of removal.

In light of the foregoing, Defendant has not established by a preponderance of the evidence that the amount in controversy is satisfied here. Even if attorneys' fees incurred after removal are properly included in calculating the amount in controversy, Defendant has only speculated about the possible amount of any potential future award. The two insurance cases cited by Defendant to show that substantial attorneys' fees have been awarded in some insurance cases do not indicate a similar award would result with the facts of this case, which is less complex than the cited cases. *See Sparks*, *supra* (additional causes of action and denial of health insurance benefits in excess of $1,000,000 for four insureds); *Elgin v. Great-West Life. Assur. Co.*, 163 Ariz. 176, 786 P.2d 1027 (Ct. App. 1989) (determining questions

of ERISA preemption related to employee health insurance benefit plans). Further, Defendant has merely speculated about Plaintiff's possible attorneys' fee award; it has not presented any affidavit of Plaintiff's current or future attorneys' fees or billing rates. Defendant's speculative assertions that Plaintiff's future fees will likely exceed $25,000 is accordingly insufficient to establish the amount in controversy.

IT IS THEREFORE ORDERED that this action is remanded to Maricopa County Superior Court.

DATED this 5th day of August, 2011.

Neil V. Wake
United States District Judge